

David McCraw
Senior Vice President &
Deputy General Counsel

212 556-4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

May 13, 2022

**VIA ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *The New York Times Company v. United States Department of State*, No. 22-cv-00791

Dear Judge Oetken:

I am counsel for plaintiff The New York Times Company ("The Times") in the above-captioned action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I submit this letter on behalf of all parties to present our competing proposals for the rate at which defendant the Department of State ("State") will process records potentially responsive to The Times's FOIA requests at issue.

On January 31, 2022, The Times filed a complaint initiating this action against State. *See* Dkt. No. 1. Pursuant to FOIA, The Times seeks copies of correspondence sent or received by a specific list of U.S. Embassy officials at the United States Embassy in Romania that mention any of a specific list of keywords. *Id.* On March 1, 2022, the Government filed its answer to The Times's complaint. *See* Dkt. No. 7.

As noted in the parties' March 25 status letter (Dkt. No. 11), State agreed to make a good faith effort to process 300 pages for its first monthly production while the parties continued to negotiate ways to narrow the scope of the FOIA requests. State timely completed the processing and made its first production on April 28, 2022.

In the parties' April 28 status letter (Dkt. No. 13), we informed the Court that State had identified approximately 3,610 potentially responsive

documents (~89,400 pages). In the two weeks since, the parties have continued to negotiate over the scope of the requests.

The parties have now agreed on some important points, which have decreased the total universe of potentially responsive records to approximately 650 documents (~3,600 pages). Where the parties disagree, however, is the rate at which State will process these records.

State's Position

At the outset, State has offered to continue discussions to further narrow the scope of the search. The Times has declined that invitation; while The Times is entitled to do so, it ignores the benefit of a faster resolution to this matter, in which it has requested that State search the correspondence of seven officials for more than sixty keywords over a period of more than four years.[1] The Times has also demanded that State increase its processing rate to 500 pages per month. However, as consistently explained to other courts, current resource constraints, including the continuing impact of pandemic-related telework policies, limit the capacity of State's FOIA personnel, who continue to work under pressure to facilitate a large number of FOIA requests in addition to the ones at issue here. *See Project For Privacy and Surveillance Accountability v. ODNI et al.*, No. 21 Civ. 1217 (D.D.C.), at Minute Entry dated Apr. 19, 2022 (finding "no reason to order [State] . . . to change [its] proposed processing rate of 300 pages per month" given that "processing rates are tied to limited resources and are consistent with processing rates in other FOIA cases," and denying plaintiff request for 500-page rate). By contrast, in support of its demand for an increased processing rate, The Times cherry-picks a number of older, outlier cases that overwhelmingly involve other federal agencies and do not reflect the specific, current resource constraints facing State.

---

[1] The Times' citation of past FOIA cases involving different types of requests and accordingly different scales of information, *see infra* n. 2, is beside the point. Further discussions that could lead to a narrowing of material to be laboriously processed and still result in release of the information the Times seeks *in this action* could only be mutually beneficial and encourage efficiency.

Accordingly, State respectfully requests that the Court endorse its proposal that it will continue to endeavor in good faith to process 300 pages of potentially responsive records per month. State is prepared to file a declaration in support of this application from the appropriate official should the Court deem one necessary and helpful to resolving this dispute.

The Times's Position

The Times filed the two FOIA requests at issue 11 months and 5 months ago. *See* Dkt. No. 1 ¶¶ 8, 11. At the request of State, The Times narrowed the scope of its requests. The Times believes no further narrowing is required[2] and asks the Court to direct State to process at a rate of 500 pages per month.

The Times's proposal for a 500-pages-per-month production schedule is reasonable. Before the pandemic, agencies routinely argued that they were receiving more FOIA requests, had significant backlogs, were understaffed, and had to consult with other agencies and constituents before production. Yet courts regularly ordered agencies to process records at significantly higher rates than the rates either party here proposes. *See, e.g.*, *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (5,000 pages per month); *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019) (3,000 pages per month); *NPR v. DOT*, No. 19-cv-17, 2021 WL 1850696,

---

[2] While State complains that The Times is not really interested in a speedy response because it fails to narrow its request further, State conveniently overlooks three important facts: The Times has significantly narrowed its request, the search for responsive records is complete, and The Times simply disagrees with State on what a reasonable production rate is. There is no doubt that agencies, including State, regularly process significantly more than 650 documents in response to FOIA requests. *See, e.g.*, *N.Y Times Co. v. Dep't of Educ.*, No. 19-cv-00693 (S.D.N.Y.) (Dkt. Nos. 11, 15) (~9,000 emails at 500 pages per month for the first three months, then 1,000 pages per month for subsequent months); *Leopold v. Dep't of State*, No. 15-cv-00123 (D.D.C.) (Dkt. No. 17) (~55,000 pages, with 7% (~3,850 pages) to be produced in the first month and increasingly faster monthly rates); *Assoc. Press v. Dep't of State*, No. 15-cv-00345 (D.D.C.) (Dkt. No. 17) (~4,900 pages within 90 days of the order and an additional ~13,387 pages within 240 days of the order).

at *1 (D.D.C. Mar. 31, 2021) (3,000 pages per month); *EPIC v. DHS*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (1,500–2,000 pages per month). The Times is sympathetic to the effects of the pandemic. However, during—and at significantly worse points of—the pandemic, courts have, with some frequency, ordered processing rates at similar (or higher) rates than the rate The Times proposes. *See, e.g.*, *Inst. for Just. v. IRS*, 547 F. Supp. 3d 1, 12 (D.D.C. 2021) (*increasing* the IRS's obligation from 1,000 to 3,000 pages a month); *ACLU v. DHS*, No. 20-cv-10083, 2021 WL 5449733, (S.D.N.Y. Nov. 19, 2021) (500 pages per month).

In fact, in many of The Times's *currently active* FOIA cases, agencies have agreed to process significantly more than 650 documents at similar or faster rates. *See, e.g.*, *N.Y. Times Co. v. Dep't of Health & Hum. Servs.*, No. 21-cv-10420 (S.D.N.Y.) (~10,000 pages, *see* Dkt No. 16, at a rate of 1,000 pages per month, by agreement to be filed next week); *N.Y. Times Co. v. Dep't of Treasury*, No. 19-cv-09669 (S.D.N.Y.) (Dkt. No. 56) (5,912 pages at 500 pages per month). All of these factors suggest that the rate of 500 pages per month proposed by The Times is fair and reasonable.

In addition, the public interest in these records is high and time-sensitive. The requested records concern the potential improper use of federal resources by government officials to assist and advance private business interests and the government's involvement in potential evasion or non-enforcement of the Foreign Agents Registration Act (FARA). The records undoubtedly concern "a matter of exigency to the American public," and "the consequences of delaying a response would compromise a significant recognized interest." *Bloomberg, L.P. v. FDA*, 500 F. Supp. 2d 371, 377 (S.D.N.Y. 2007).

We thank the Court for its consideration of this submission.


Respectfully submitted,

/s/ David McCraw

David McCraw

cc: All counsel of record (via ECF)